IN THE MATTER OF LEONARD W. FRUCHTER,
AN ATTORNEY AT LAW.

Argued November 8, 1972—Reargued February 19, 1974—
Decided March 19, 1974.

*Mr. Frederick C. Vonhof* argued the cause for the Essex County Ethics Committee.

*Mr. Jack Okin* argued the cause for respondent (*Messrs. Okin and Okin,* attorneys).

PER CURIAM. The Essex County Ethics Committee filed a Presentment and Supplemental Presentment against respondent, an Attorney at Law of this State, charging him with

having manipulated three trust accounts which he maintained in connection with his law practice, one in the Fidelity Union Trust Company, another in The Broad National Bank and the third in the Franklin State Bank. Specifically, respondent was charged with the drawing of worthless checks, the "kiting" of checks between accounts, the issuance of overdrafts on his accounts, and the conversion of trust funds for his own use, alleged to be contrary to DR 1–102 (A)(1) and (4) and in violation of *N. J. S. A.* 2A:102–5 and *N. J. S. A.* 2A:111–15. The period involved is July 1970 through October 1972. No criminal proceedings have been commenced against respondent.

Although respondent filed an answer denying any wrongdoing at the hearings he did not seriously dispute the charges. Then and now he represents that he made full restitution to the banks and that no client "ever suffered" as a result of his conduct. We take this to mean that respondent maintains that he has made good on all of his trust obligations. The Committee has verified that respondent has repaid the banks in full on the checks drawn by him, but it has been unable to ascertain whether all trust monies have been accounted for because of the failure on the part of respondent to maintain correct and proper trust records. DR 9–102 (A)(B); *R.* 1:21–6. However, it has no knowledge of any claim being asserted by a client.

Respondent does not attempt to excuse his misconduct. By way of mitigation he discloses that at the time the defalcations occurred, he had been subjected to grave personal problems, involving his family, which he claims rendered him emotionally and physically incapable of practicing law. As heretofore noted, he also asserts that once he regained his equilibrium, restitution was made on all of his obligations.

The sole question is the extent of discipline. Respondent, admitted to the Bar in 1966, has no prior disciplinary involvement. He has been suspended from the practice of the law since November 14, 1972. He has frankly admitted his

wrongdoing and, as far as appears, has made restitution on all of his defalcations.

We conclude that the circumstances call for suspension from the practice of law for a period of three years and until the further order of this Court, the suspension to run from November 14, 1972. *In re Hutchison*, 59 *N. J.* 327 (1971).

So ordered.

*For suspension for three years*—Chief Justice HUGHES and Justices JACOBS, HALL, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—7.