IN THE MATTER OF LEONARD W. FRUCHTER,
AN ATTORNEY AT LAW.

Submitted July 16, 1975—Decided September 12, 1975.

*Mr. Charles M. Grossman* for respondent (*Messrs. Diamond, Grossman, Pitman, Udine & Anazaldi,* attorneys).

*Mr. Frederick C. Vonhof,* for the Essex County Ethics Committee.

PER CURIAM. Respondent, a member of the Bar of this State, is presently under suspension by order of this Court. See: *In re Fruchter,* 64 *N. J.* 435 (1974). Following his suspension, an ethics complaint was filed against respondent charging him with the conversion of funds of the Estate of Meyer Gilenson, deceased. At about the same time a criminal accusation was filed against respondent by the Prosecutor of Essex County charging him with the embezzlement of $158,723 from said estate.

On May 14, 1975 respondent pleaded guilty to the accusation and has been sentenced. By letter dated May 28, 1975 he has submitted his resignation from the Bar noting that he

fully understands that, if accepted, it will be with prejudice and in accordance with *R.* 1:20–10. The Essex County Ethics Committee recommends that his resignation be accepted on the terms indicated.

Respondent's tendered resignation as a member of the Bar of this State is hereby accepted. As provided in *R.* 1:20–10 such resignation is with prejudice and equivalent to disbarment. The order accepting respondent's resignation is to set forth the foregoing terms, and is to be published in the New Jersey Reports as in cases of disbarments.

*For acceptance of resignation with prejudice*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.

## ORDER

This matter having been duly presented to the Court, it is ordered that the resignation of Leonard W. Fruchter of Irvington as an attorney at law of the State of New Jersey be accepted with prejudice in accordance with *R.* 1:20–10; and it is further

Ordered that said Leonard W. Fruchter be permanently restrained and enjoined from the practice of law.